People v Hill (2022 NY Slip Op 01126)





People v Hill


2022 NY Slip Op 01126


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Ind. No. 1850/19 Appeal No. 15353 Case No. 2020-01059 

[*1]The People of the State of New York, Respondent,
v
Michael Hill, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Sarah H. Lin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered January 7, 2020, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of an uncharged larceny that defendant committed in a public area of a hotel immediately before he entered a nonpublic area and committed the charged burglary. Defendant was charged with second-degree burglary (and ultimately convicted of third-degree burglary as a lesser included offense) based on his unlawful entry into, and thefts from, a locker room for female employees in the hotel's basement. A surveillance video from the hotel lobby showing defendant taking a guest's jacket and then going toward a stairwell leading to the locker room was probative of the criminal intent element of burglary. Although defendant's thefts of property from the locker room was also probative of his larcenous intent, the People "were not bound to stop after presenting minimum evidence" (People v Alvino, 71 NY2d 233, 245 [1979]). The lobby theft tended to prove that defendant's larcenous intent existed from the inception of his presence in the hotel, and continued as he entered a nonpublic stairwell. The original second-degree burglary charge required intent to commit a theft in a dwelling, and the subterranean locker room far from hotel guest rooms was arguably not a dwelling (see Penal Law § 140.25[2]; People v McCray, 23 NY3d 621, 630 [2014]). Moreover, the court's limiting instruction mitigated any prejudice, and any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Williams, 12 NY3d 726 [2009]). The court limited the People's inquiry into defendant's extensive record to the elicitation of the existence of six unnamed felony convictions over a particular timespan. Moreover, any error was harmless (see People v Grant, 7 NY3d 421, 424 [2006]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022